IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

JENNINGS CONSTRUCTION
SERVICES CORP., a Florida corporation

    Plaintiff,

v.                 CASE No.: 2010· CA - 22619

ACE AMERICAN INSURANCE COMPANY d/b/a
ACE ADVANTAGE PROFESSIONAL
LIABILITY COMPANY, ACE USA –
PROFESSIONAL RISK

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff Jennings Construction Services Corp. ("JENNINGS"), by and through its undersigned counsel hereby sues Defendant ACE American Insurance Company d/b/a ACE Advantage Professional Liability Company, ACE USA – Professional Risk ("ACE"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action in excess of $15,000.00 exclusive of attorney's fees, interests and costs.

2. At all times material hereto, JENNINGS was a Florida corporation authorized to do, and doing business in the State of Florida.

3. At all times material hereto, ACE was a Florida corporation authorized to do, and doing business in the State of Florida. Furthermore, ACE is an insurance company authorized to write insurance policies in the State of Florida.

4. Venue is proper in Orange County as all actions have occurred therein.

5.  All conditions precedent to the maintenance of this action have occurred, have been waived or have been excused.

## GENERAL ALLEGATIONS

6.  On or about June 10, 2005 non-party AMPAM J.A. Croson Company and American Plumbing and Mechanical, Inc. (collectively referred to as "AMPAM") filed suit against JENNINGS in Orange County, Florida with Case No. 48-2005-CA-004995-O ("Prior Litigation").

7.  On or about August 1, 2005, JENNINGS filed and served its Answer, Affirmative Defenses and Counterclaim against AMPAM and Third-Party Complaint naming professional engineer Robert Kaiser ("KAISER") as a Third-Party Defendant. Attached hereto as Composite Exhibit "A" is the JENNINGS Counterclaim and Third Party Complaint.

8.  The Prior Litigation involved the HVAC design and construction of a multi-family residential community in Orange County, Florida, known as the Wisper Palms Apartment Complex ("Project").

9.  On or about March 1, 2005, ACE issued that particular Errors and Omissions insurance policy with Policy No. EON G 21651059 002 which provides coverage for professional errors and omissions for AMPAM and its employees and its additional insureds for the period March 1, 2005 – March 1, 2006 ("Policy"). Attached hereto as Exhibit "B" is the Policy.

10. KAISER was a professional engineer during all relevant times hereto and was employed by AMPAM.

11. KAISER has, subsequent to all relevant material times hereto, passed away.

12. AMPAM and KAISER performed professional services for JENNINGS with respect to that certain contract entered on March 11, 2002 regarding the design, construction and installation of HVAC systems for the Project ("Subcontract"). Attached hereto as Exhibit "C" is the Subcontract.

13. On December 21, 2006, AMPAM and KAISER, by and through its retained counsel, sent notice of the JENNINGS Counterclaim and Third-Party Complaint to ACE Advantage Professional Liability Company, ACE USA – Professional risk located at 140 Broadway, 40th Floor New York, New York, 10005.

14. On or about February 6, 2007, ACE denied coverage by written correspondence directed to AMPAM and/or KAISER, the insureds, containing the following denial determination:

I am writing to advise you that, based on our investigation, we have determined that the policy does not provide coverage for the claim and that the company has no obligations under the policy to defend or indemnify the insured in connection with the aforementioned claim.

. . .

Based on the foregoing, the counter claim against the insured served on or about August, 2005, where reported to the company in December, 2006, after the expiration of the policy on March 1, 2006, for those reasons, there is no coverage for this claim.

Also, please note that IX Notice requires the written notice of claim to be provided as soon as practical, but no event later than the termination of a policy. The insured's noncompliance with this provision serves as another basis for the declination of coverage for this claim.

Attached hereto as Exhibit "D" is the coverage denial letter.

15. As a result, ACE denied both defense costs and indemnification obligations to the insured under the Policy.

16. ACE never undertook any investigation obligations pursuant to its Policy with respect to the allegations of the complaint involving the design and construction of the HVAC

system for the Project.

17. ACE simply denied coverage based upon the notice provided outside of the Policy period.

18. At no time did ACE undertake any investigation to determine if the late notice prejudiced ACE in any manner.  ACE never undertook an investigation of the claim and/or the allegations of defective design and/or construction, but rather simply and without prejudice denied coverage.

19. ACE has not been prejudiced with respect to the late notice of claim.

20. Subsequent to the institution of the underlying litigation, Robert Kaiser has since passed away.

21. KAISER and AMPAM are insureds pursuant to the Policy.

22. The Policy is intended, pursuant to Florida law, to enure to the benefit of those construction parties that the insureds performed work for pursuant to both construction and professional contracts.

23. Specifically, AMPAM, through its employee KAISER, created professional designs for the HVAC system for the Project.

24. Attached hereto as Exhibit "E" and made fully a part hereof is the Wisper Palms Apartment Complex comfort and air conditioning investigation preliminary report generated by Brian S. Cumming, P.E. detailing the deficiencies in both the design and construction of the HVAC system for the Project.

25. Discovery during the underlying litigation revealed little if any defenses associated with the claims made by JENNINGS regarding the design and/or construction of the HVAC system for the Project being deficient.

4

26. The Project currently exists in the condition it was designed and constructed.

27. Based upon the size and complexity of the Project, and damages associated with repair of the deficiencies committed by AMPAM and KAISER, the Defendant to the underlying litigation could not pay the claims as alleged by JENNINGS.

28. As such, AMPAM and KAISER executed that particular agreement with JENNINGS titled Agreement for Consent Judgment ("Agreement") on or about November 20, 2009. The Agreement for Consent Judgment is attached hereto as Exhibit "F" and made fully a part hereof.

29. The Agreement was entered in good faith between the parties thereto.

30. ACE is not a party to the Agreement.

31. The undisputed damages pursuant to the agreement are $5,700,000.00 to fully remediate each and every defect alleged by JENNINGS in the underlying litigation and the insureds agreed that the amount of the consent judgment is within the possible range of potential verdict and corresponding judgment amounts against AMPAM and/or KAISER if the underlying litigation had proceeded to trial.

32. Pursuant to Florida Statute §627.4136, ACE was not listed as a Defendant in the Prior Litigation.

33. ACE's only refusal of coverage for both defense costs and indemnification obligations stems from the insureds late notice of the claim.

34. However, the counter claim containing the allegations against both AMPAM and KAISER was filed and served pursuant to the underlying litigation during the pendency of the ACE policy.

35. JENNINGS should not bear the risk of loss associated with the insureds lack of notice to

the insurance company, ACE.

36. Pursuant to Florida law, late notice is not a complete defense to defense costs and indemnification obligations pursuant to an insurer and its obligations to the insured, but rather, a rebuttable presumption associated with prejudice. While prejudice is presumed, it is a rebuttable presumption.

37. There have been no significant changes to the Project since its inception as constructed by and designed by the insureds.

38. As a result, ACE has not suffered any particular prejudice whatsoever with respect to its investigation (or lack thereof) based upon late notice.

39. Therefore, ACE has not been prejudiced with the late notice.

40. ACE denied coverage nevertheless.

41. ACE has committed a material breach of contract associated with the ACE policy and its insureds in the underlying litigation against AMPAM and/or KAISER.

42. As a result of ACE's material breaches of contract, ACE refused to provide a defense and/or indemnification obligations to the insureds in the underlying litigation, namely AMPAM and/or KAISER.

43. As a result of ACE's material breach of contract, AMPAM and KAISER executed the Agreement for Consent Judgment attached hereto as Exhibit "F" to avoid exposure associated with ACE's wrongful denial of coverage.

44. As such, JENNINGS has been damaged in the amount contained herein.

45. Florida law allows JENNINGS to bring an action directly against ACE pursuant to ACE's refusal to provide a defense/indemnification obligations and JENNINGS' execution of the Agreement for Consent Judgment.

46. JENNINGS has retained the undersigned counsel and has agreed to pay a reasonable fee. JENNINGS is entitled to recover said reasonable attorney's fees and costs.

WHEREFORE, Jennings Construction Services Corp. respectfully requests that this Court enter Judgment in its favor and against ACE American Insurance Company including prejudgment interest, attorney's fees and costs and for such further relief as this Court deems just and appropriate.

Dated this _____ day of October, 2010.

                                        CVERCKO & VALANTASIS, PLLC
                                        121 South Orange Avenue, Suite 1500
                                        Orlando, FL 32801
                                        Telephone:  407-956-1052
                                        Facsimile:  407-218-5095
                                        Marcus@cvlawflorida.com


                                        MARCUS G. VALANTASIS, ESQ.
                                        Florida Bar No.:  0356130
                                        Attorney for Plaintiff

7