**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNINGS CONSTRUCTION SERVICES CORPORATION,**

    **Plaintiff,**

-vs-                                                  **Case No. 6:10-cv-1671-Orl-28KRS**

**ACE AMERICAN INSURANCE COMPANY,**

    **Defendant.**
_____

# ORDER

Defendant ACE American Insurance Company ("ACE") issued a professional liability policy ("the Policy") that provided coverage for non-parties AMPAM J.A. Croson Company, American Plumbing and Mechanical, Inc., and Robert Kaiser (collectively "the Insureds")[1] for "claims made and reported" during the policy period of March 1, 2005 through March 1, 2006. (Policy, Ex. B to Am. Compl., Doc. 48, at 1). In an underlying state court case, Jennings Construction Services Corporation ("Jennings") asserted claims against the Insureds for breach of contract and professional negligence relating to "the HVAC design and construction of a multi-family residential community." (Am. Compl., Doc. 48, at 2; Underlying Counterclaim, Ex. A to Am. Compl., at 7-12). To resolve the underlying case, Jennings and the Insureds entered into a consent agreement, pursuant to which the Insureds

---

[1] For purposes of this motion only, ACE concedes that all of the Insureds were covered by the Policy. (Mot. to Dismiss ("MTD"), Doc. 51, at 2).

assigned to Jennings all rights of recovery from ACE pertaining to the underlying litigation. (Consent Agreement, Ex. F to Am. Compl., at 3; Am. Compl. at 6). Prior to entering into the Consent Agreement, however, ACE had already denied the Insureds' claim–a fact that was acknowledged by both Jennings and the Insureds in the Consent Agreement. (Consent Agreement at 4; see also Denial Letter, Ex. D to Am. Compl.; Am. Compl. at 4). The basis of ACE's denial was that the Policy was a "claims made and reported policy" and the Insureds' "claim was reported to [ACE] after the policy expired." (Denial Letter at 1; Am. Compl. at 4).

Jennings now brings this suit against ACE, claiming that ACE committed a "material breach of contract" when it denied the Insureds' claim and seeking the "undisputed damages" provided in the Consent Agreement. (Am. Compl. at 7-8). In a previous Order (Doc. 47), this Court granted ACE's Motion to Dismiss because "[t]he Insureds failed to comply with the claims-made-and-reported provision of the Policy, and therefore ACE had no obligation with regard to Jennings's claims." (Doc. 47 at 6). Due to the fact that it was unclear "whether the Insureds purchased an extended reporting period," (id.), the Court determined that "it [wa]s possible that a set of facts could exist wherein the Insureds complied with the reporting requirements of the Policy" and gave Jennings leave to file an Amended Complaint if Jennings was "able to remedy the pleading deficiencies," (id. at 7).

Jennings did file an Amended Complaint, and this case is now before the Court on ACE's Motion to Dismiss (Doc. 51) that Amended Complaint.[2] Because the Amended

---

[2] Jennings has filed a Response (Doc. 54) and a Sur-Reply (Doc. 60), and ACE has filed a Reply to Jennings's Response (Doc. 57).

Complaint fails to state a claim upon which relief can be granted, it must be dismissed.

Jennings did not make any substantive changes to its allegations. Rather, Jennings merely omitted from its Amended Complaint the exact date that ACE was notified of the Insureds' claim–which was alleged in the original Complaint as December 21, 2006. (Compare Compl., Doc. 2, at 3, with Am. Compl. at 5). An exact date, however, is not necessary to apply the same analysis provided in the previous order. Even though Jennings omitted the date that ACE was notified, it proceeds on the same "notice" allegation that it did in its original Complaint–that "Jennings made a 'Claim' against the 'Insured' by bringing a civil proceeding against [the Insureds] during the policy period." (Am. Compl. at 5 (emphasis removed)). This argument was specifically rejected in the previous Order, and that analysis is adopted here. (Doc. 47 at 5-6).

Jennings also argues that ACE is barred by section 627.426, Florida Statutes, from asserting its defense of late notice. Section 627.426 provides in pertinent part:

> A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless . . . [w]ithin 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery.

§ 627.426(2)(a), Fla. Stat. Jennings maintains that ACE's argument that the Insureds' claim was not reported during the policy period constitutes a "coverage defense," that no notice of this coverage defense was given to the Insureds within the required thirty-day period, and that therefore ACE is barred from asserting this defense. Jennings's assertion misses the mark, however, because ACE's defense does not constitute a "coverage defense" within the

-3-

meaning of the statute.

A "coverage defense" is "a defense to coverage that otherwise exists or could exist under the law. An insurer does not assert a 'coverage defense' where there was no coverage in the first place." Country Manors Assoc. v. Master Antenna Sys., Inc., 534 So. 2d 1187, 1195 (Fla. 4th DCA 1988) (citing U.S. Fid. & Guar. Co. v. Am. Fire & Indem. Co., 511 So. 2d 624, 625 (Fla. 5th DCA 1987)). In other words, "an insurer's failure to comply with the requirements of section 627.426 will not preclude an insurer from disclaiming liability where the policy has expired or the coverage sought is excluded by the policy." Doe v. Allstate Ins. Co., 653 So. 2d 371, 374 (Fla. 1995). In a claims-made-and-reported policy, by the very terms of the policy, there is no coverage for claims reported outside the coverage period. Accordingly, a defense that a claim was reported outside the coverage period of a claims-made-and-reported policy is not a "coverage defense" and is not precluded by a failure to comply with section 627.426. See AIU Ins. Co. v. Block Marina Invest. Inc., 544 So. 2d 998, 999-1000 (Fla. 1989) (noting that there is "no distinction" between a case where the policy term had expired and one where "the lack of coverage was due to an express policy exclusion" and holding that an insurer's "failure to comply with the requirements of [section 627.426] will not bar an insurer from disclaiming liability where a policy or endorsement has expired or where the coverage sought is expressly excluded or otherwise unavailable under the policy or under existing law"); Country Manors, 534 So. 2d at 1193-95 (holding that the insurer's defense that the claim was reported prior to the start of the claims-made-and-reported policy period was not a coverage defense) cited with approval in AIU Ins., 544 So. 2d at 1000.; U.S. Fid. & Guar. Co., 511 So. 2d at 626-28 (holding that insurer's

defense that the claim was reported after the "claims-made" policy period terminated was not a "coverage defense" and that therefore section 627.426 did not apply), cited with approval in AIU Ins., 544 So. 2d at 999-1000.

Finally, as in the original Complaint, Jennings does not allege in its Amended Complaint that the Insureds purchased an extended reporting period. Indeed, Jennings makes no reference whatsoever to its previous assertion that it was "unknown" whether the Insureds purchased an extended reporting period.

Despite this Court's ruling in the previous Order dismissing Jennings's original Complaint, Jennings does not allege that it reported the claim during the reporting period and does not allege that it purchased an extended reporting period. As such, the Amended Complaint fails to state a claim upon which relief can be granted. It does not appear that Jennings can, in good faith, assert facts which would state a claim against ACE, and therefore granting Jennings leave to file a second amended complaint would be futile.

In accordance with the foregoing, it is **ORDERED** that ACE's Motion to Dismiss the Amended Complaint (Doc. 51) is **GRANTED**, and the Amended Complaint is **DISMISSED with prejudice.** Additionally, ACE's Motion to stay Mediation or Continue (Doc. 61) is **DENIED as moot**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 11th day of January, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party